T. J. PARKER, INCORPORATED, APPELLANT, v. ANTHONY-HAMMOND CHEMICAL WORKS, RESPONDENT.

Submitted March 20, 1919—Decided June 5, 1919.

A claim for damages for failure to deliver goods in pursuance of an executory contract of sale is a claim for unliquidated damages, and such a claim is not one for which an attachment will issue.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *George W. Flaacke.*

For the respondent, *Fred G. Stickel, Jr.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an attachment suit. The affidavit upon which the writ was issued was made by one Burke, the vice-president and treasurer of the plaintiff corporation. In it the affiant declares "That Anthony-Hammond Chemical Works, Inc., is indebted to the plaintiff, T. J. Parker, Inc., in the sum of $5,500, with interest thereon, from the 1st day of January, 1918; said company is not created or recognized as a corporation of this state (State of New Jersey) by the laws of this state." After the writ was returned there was a motion to quash, and a rule to show

cause was allowed with leave to both parties to take testimony. Upon the return of the rule, and the reading of the depositions taken under the leave granted, the court reached the conclusion that the writ was improperly issued, for the reason that the damages for the breach of the contract, which was the basis of the litigation, were unliquidated, and an order was thereupon entered quashing the writ. The plaintiff appeals from this order.

The plaintiff's case, as exhibited by the depositions, was that it entered into a contract with the defendant for the sale and delivery of two thousand pounds of benzoic acid at the price of $2 per pound, the delivery to be made in parcels of five hundred pounds each, and was to begin on the first week of December, 1917, and to continue each week thereafter until the delivery was complete. The defendant failed to perform the contract, and plaintiff seeks to recover the damages sustained by it by reason of this failure of performance.

On its face, this is an action for unliquidated damages; but the plaintiff's claim is that after the breach of the contract it went into the market and purchased two thousand pounds of benzoic acid at $4.75 per pound, and that the damages, therefore, in this particular case, were thereby liquidated, the sum due being the difference between the contract price of $2 and the purchase price of $4.75.

This claim, in our view, rests upon an unsound basis. The purchase by the plaintiff was not made until more than a month after the time for the completion of delivery had elapsed. Ordinarily, the difference between the contract price and the value of the goods at the date fixed for delivery is the measure of damages. In the present case, whether the price paid was the fair market value of the acid at the time fixed for its delivery; whether the acid which was actually purchased was of the same character and value as that contracted for, are, both of them, questions to be determined by the jury, and upon its determination of those questions the amount of the recovery would depend. What the jury might determine in resolving these questions is, of course, uncertain, and where the amount of the recovery de-

pends on the finding of the jury upon these points the damages are unliquidated. The present case, we think, is ruled by the decision in *Godkin* v. *Bailey,* 74 *N. J. L.* 655, which is that a claim for damages for failure to deliver goods in pursuance of an executory contract of sale is a claim for unliquidated damages.

The order under review will be affirmed.